# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Crypto Infiniti, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Blockquarry Corp. f/k/a ISW Holdings, Inc., Pantheon Resources, Inc., and Hylmen, LLC,<br><br>        Defendants. | Case No. 7:24-cv-04911-TMC<br><br>**DEFENDANT PANTHEON RESOURCES, INC.'S RESPONSE TO AMENDED COMPLAINT** |

NOW COMES Defendant Pantheon Resources, Inc. ("Pantheon"), by and through the undersigned counsel, and responding to Plaintiff's Amended Complaint says as follows:

## GENERAL DENIAL

Defendant Pantheon denies each and every allegation contained in Plaintiff's Amended Complaint unless specifically admitted, qualified, or explained herein, and demands strict proof thereof:

## Parties, Jurisdiction, and Venue

1. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Amended Complaint and, as such, the allegations are denied.

2. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Amended Complaint and, as such, the allegations are denied.

3. Defendant Pantheon admits the allegations in paragraph 3 of the Amended Complaint.

4. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Amended Complaint and, as such, the allegations are denied.

5. The allegations in paragraph 5 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

6. The allegations in paragraph 6 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

7. The allegations in paragraph 7 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

**Facts**

8. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 8 of the Complaint.

9. Upon information and belief, Defendant Pantheon admits the allegations in paragraph 9 of the Complaint.

10. Defendant Pantheon admits the allegations in paragraph 10 of the Amended Complaint.

11. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Amended Complaint and, as such, the allegations are denied.

12. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Amended Complaint and, as such, the allegations are denied.

13. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Amended Complaint and, as such, the allegations are denied.

14. The allegations in paragraph 14 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

15. The allegations in paragraph 15 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

16. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Amended Complaint and, as such, the allegations are denied.

17. The allegations in paragraph 17 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

18. The allegations in paragraph 18 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

19. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Amended Complaint and, as such, the allegations are denied.

20. The allegations in paragraph 20 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

21. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Amended Complaint and, as such, the allegations are denied.

22. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Amended Complaint and, as such, the allegations are denied.

23. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Amended Complaint and, as such, the allegations are denied.

24. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Amended Complaint and, as such, the allegations are denied.

25. Defendant Pantheon admits that the Gaffney site was shut down. As to the remaining allegations, Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Amended Complaint and, as such, the allegations are denied.

26. Defendant Pantheon admits to the existence of the "Litchain Litigation". As to the remaining allegations, Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Amended Complaint and, as such, the allegations are denied.

27. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Amended Complaint and, as such, the allegations are denied.

28. The allegations in paragraph 28 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

29. The allegations in paragraph 29 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

30. The allegations in paragraph 30 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

31. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Amended Complaint and, as such, the allegations are denied.

32. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Amended Complaint and, as such, the allegations are denied.

33.     Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Amended Complaint and, as such, the allegations are denied.

34.     The allegations in paragraph 34 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

35.     The allegations in paragraph 35 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

36.     The allegations in paragraph 36 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

37.     Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Amended Complaint and, as such, the allegations are denied.

38.     The allegations in paragraph 38 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

39.     The allegations in paragraph 39 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

40. The allegations in paragraph 40 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

41. The allegations in paragraph 41 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

42. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Amended Complaint and, as such, the allegations are denied.

43. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Amended Complaint and, as such, the allegations are denied.

44. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Amended Complaint and, as such, the allegations are denied.

45. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Amended Complaint and, as such, the allegations are denied.

46. Defendant Pantheon admits that it did not pay for the Miners referenced in paragraph 46 of the Amended Complaint but denies the remaining allegations in paragraph 46 of the Amended Complaint.

47. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Amended Complaint and, as such, the allegations are denied.

48. The allegations in paragraph 48 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

49. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Amended Complaint and, as such, the allegations are denied.

50. The allegations in paragraph 50 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

51. Defendant Pantheon denies the allegations in paragraph 51 of the Amended Complaint.

52. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Amended Complaint and, as such, the allegations are denied.

53. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Amended Complaint and, as such, the allegations are denied.

54. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Amended Complaint and, as such, the allegations are denied.

55. Defendant Pantheon admits that Plaintiff does not owe it any money for debt obligations. Except as admitted, Defendant Pantheon denies the allegations in paragraph 55 of the Amended Complaint.

56. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Amended Complaint and, as such, the allegations are denied.

57. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Amended Complaint and, as such, the allegations are denied.

58. Defendant Pantheon admits the allegations in paragraph 58 of the Amended Complaint.

59. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Amended Complaint and, as such, the allegations are denied.

60. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Amended Complaint and, as such, the allegations are denied.

61. The allegations in paragraph 61 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

62. The allegations in paragraph 62 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

63. The allegations in paragraph 63 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

64. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 of the Amended Complaint and, as such, the allegations are denied.

65. Defendant Pantheon admits that it worked with Defendant Hylmen to transport miners from Gaffney, SC to the state of Missouri. Except as admitted, Defendant Pantheon denies the allegations in paragraph 65 of the Amended Complaint.

66. The allegations in paragraph 66 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

67. Defendant Pantheon admits it was engaged to move miners from Gaffney, SC to Missouri. Except as admitted, Defendant Pantheon denies the allegations in paragraph 67 of the Amended Complaint.

68. Defendant Pantheon denies the allegations in paragraph 68 of the Amended Complaint as pled. Pantheon states it was hired to assist with moving miners from Gaffney, SC to Missouri and has not been paid.

69. Defendant Pantheon denies the allegations in paragraph 69 of the Amended Complaint.

70. Defendant Pantheon denies the allegations in paragraph 70 of the Amended Complaint.

71. Defendant Pantheon denies the allegations in paragraph 71 of the Amended Complaint.

72. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Amended Complaint and, as such, the allegations are denied.

73. Defendant Pantheon denies the allegations in paragraph 73 of the Amended Complaint. Defendant Pantheon further states that it has returned miners to all claimants that have proved ownership of the same.

74. Defendant Pantheon denies the allegations in paragraph 74 of the Amended Complaint.

75. The allegations in paragraph 75 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

76. Defendant Pantheon admits to moving miners from Gaffney, SC to Missouri with the assistance of Defendant Hylmen. Except as admitted, Defendant Pantheon denies the allegations in paragraph 76 of the Amended Complaint.

77. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Amended Complaint and, as such, the allegations are denied.

**FOR A FIRST CAUSE OF ACTION**
(Conversion as to All Defendants)

78. The responses contained in paragraphs 1 through 77 of this Answer are re-asserted as if set forth fully herein.

79. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Amended Complaint and, as such, the allegations are denied.

80. Defendant Pantheon denies the allegations in paragraph 80 of the Amended Complaint.

81. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Amended Complaint and, as such, the allegations are denied.

82. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Amended Complaint and, as such, the allegations are denied.

83. Defendant Pantheon denies the allegations in paragraph 83 of the Amended Complaint.

84. Defendant Pantheon denies the allegations in paragraph 84 of the Amended Complaint.

85. Defendant Pantheon denies the allegations in paragraph 85 of the Amended Complaint.

86. Defendant Pantheon denies the allegations in paragraph 86 of the Amended Complaint.

87. Defendant Pantheon denies the allegations in paragraph 87 of the Amended Complaint.

88. Defendant Pantheon denies the allegations in paragraph 88 of the Amended Complaint.

89. Defendant Pantheon denies the allegations in paragraph 89 of the Amended Complaint.

## FOR A SECOND CAUSE OF ACTION
**(Negligence and Gross Negligence of Bailee: As to Defendant Blockquarry)**

90. The responses contained in paragraphs 1 through 89 of this Answer are re-asserted as if set forth fully herein.

91. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 of the Amended Complaint and, as such, the allegations are denied.

92. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Amended Complaint and, as such, the allegations are denied.

93. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Amended Complaint and, as such, the allegations are denied.

94. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94 of the Amended Complaint and, as such, the allegations are denied.

95. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95 of the Amended Complaint and, as such, the allegations are denied.

96. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Amended Complaint and, as such, the allegations are denied.

97. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97 of the Amended Complaint and, as such, the allegations are denied.

98. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98 of the Amended Complaint and, as such, the allegations are denied.

**FOR A THIRD CAUSE OF ACTION**
**(Breach of Contract Against Blockquarry)**

99. The responses contained in paragraphs 1 through 98 of this Answer are re-asserted as if set forth fully herein.

100. The allegations in paragraph 100 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

101. The allegations in paragraph 101 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

102. The allegations in paragraph 102 of the Amended Complaint refer to a writing, the terms of which speak for themselves. To the extent the allegations conflict with the writing, they are denied.

103. Defendant Pantheon is without information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103 of the Amended Complaint and, as such, the allegations are denied.

104. The allegations in paragraph 104 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

### FOR A FOURTH CAUSE OF ACTION
(Unjust Enrichment as to All Defendants)

105. The responses contained in paragraphs 1 through 104 of this Answer are re-asserted as if set forth fully herein.

106. Defendant Pantheon is without information sufficient to form a belief as to the ownership of all of the miners in its possession and therefore denies the allegations in paragraph 106 of the Amended Complaint.

107. Defendant Pantheon denies the allegations in paragraph 107 of the Amended Complaint.

108. Defendant Pantheon denies the allegations in paragraph 108 of the Amended Complaint.

109. Defendant Pantheon denies the allegations in paragraph 109 of the Amended Complaint.

110. Defendant Pantheon denies the allegations in paragraph 110 of the Amended Complaint.

111. Defendant Pantheon denies the allegations in paragraph 111 of the Amended Complaint.

112. Defendant Pantheon denies the allegations in paragraph 112 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own acts and/or omissions.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclear hands.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Pantheon reserves the right to assert additional affirmative defenses as they become known through the discovery process.

WHEREFORE, Defendant Pantheon Resources, Inc. prays unto this Court as follows:

1. That Plaintiff be awarded no damages for any of its Claims for Relief;

2. That the costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff; and,

3. Any such other or further relief that this Court deems just and proper.

Dated:  This 18th day of November, 2024.

                Respectfully submitted,

                */s/ Trent M. Grissom*
                Trent M. Grissom (Federal Bar No. 10671)
                MCGRATH & SPIELBERGER, PLLC
                7300 Carmel Executive Park Drive, Suite 300
                Charlotte, NC  28226
                Telephone: (704) 271-5000
                trent@mcgrathspielberger.com
                *Attorney for Defendant Pantheon Resources, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Pantheon Resources, Inc.'s Response to Amended Complaint has been submitted via the electronic filing system and thus has been served on all Parties via its/their attorney of record as follows:

Burl F. Williams
201 Riverplace, Suite 501
Greenville, SC 29601
burl@burlfwilliams.com
*Attorneys for Plaintiff*

Andrew A. Mathias
MAYNARD NEXSEN
104 South Main Street, Suite 900
Greenville, SC 29601
amathias@maynardnexsen.com
*Attorneys for Defendant Blockquarry Corp.*

Trent M. Grissom
MCGRATH & SPIELBERGER, PLLC
7300 Carmel Executive Park Drive, Suite 300
Charlotte, NC 28226
trent@mcgrathspielberger.com
*Attorneys for Defendant Hylmen, LLC*

This 18th day of November, 2024.

*/s/ Trent M. Grissom*
Trent M. Grissom (Federal Bar No. 10671)
MCGRATH & SPIELBERGER, PLLC
7300 Carmel Executive Park Drive, Suite 300
Charlotte, NC  28226
Telephone: (704) 271-5000
trent@mcgrathspielberger.com
*Attorney for Defendant Pantheon Resources, Inc.*