IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Crypto Infiniti, LLC, ) | Civil Action No. 7:24-cv-04911-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **BLOCKQUARRY CORP. f/k/a ISW** |
| ) | **HOLDINGS, INC.'S ANSWER TO** |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | **PLAINTIFF'S AMENDED** |
| Pantheon Resources, Inc. and Hylmen, LLC, ) | **COMPLAINT AND** |
| ) | **COUNTERCLAIMS** |
| Defendants. ) | |
| ) | |
| ) | |

Defendant Blockquarry Corp., f/k/a ISW Holdings, Inc. ("Blockquarry") hereby responds to Plaintiff Crypto Infiniti, LLC's ("Plaintiff") Amended Complaint. Except as hereinafter specifically admitted, each and every allegation of Plaintiff's Amended Complaint is denied.

**FOR A FIRST DEFENSE**
**(General Denial)**

**NATURE OF ACTION**

1.      Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1, and on that basis, denies the same.

2.      In response to Paragraph 2, Blockquarry admits that it is a Nevada corporation with a principal place of business in Texas. Blockquarry denies that it is currently registered to do business in South Carolina.

3.      Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3, and on that basis, denies the same.

4.      Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4, and on that basis, denies the same.

1

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest venue in this action.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest the Court's personal jurisdiction over Blockquarry in this matter.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is deemed required, Blockquarry does not contest the Court's subject matter jurisdiction at this time.

## FACTS

8. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and on that basis, denies the same.

9. Blockquarry admits the allegations of Paragraph 9.

10. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and on that basis, denies the same.

11. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 11, and on that basis, denies the same.

12. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 12, and on that basis, denies the same.

13. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 13, and on that basis, denies the same.

14. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14, and on that basis, denies the same.

15. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 15, and on that basis, denies the same.

16. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 16, and on that basis, denies the same.

17. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 17, and on that basis, denies the same.

18. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 18, and on that basis, denies the same.

19. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and on that basis, denies the same.

20. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and on that basis, denies the same.

21. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 21, and on that basis, denies the same.

22. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 22, and on that basis, denies the same.

23. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 23, and on that basis, denies the same.

24. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 24, and on that basis, denies the same.

25. In response to Paragraph 25, Blockquarry admits only that the Gaffney Board of Public Works padlocked the Gaffney Site. Blockquarry is without knowledge or information

sufficient to admit or deny the remaining allegations contained in Paragraph 25, and on that basis, denies the same.

26. In response to Paragraph 26, Blockquarry admits only that it was engaged in a lawsuit captioned *Blockquarry Corp. v. Litchain Corp.*, No. 7:23-cv-01427 (D.S.C.) (the "Litchain Litigation"). Blockquarry denies the remaining allegations contained in Paragraph 26.

27. In response to Paragraph 27, Blockquarry craves reference to the pleadings in the Litchain Litigation, which speak for themselves, and deny any allegations inconsistent therewith.

28. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 28, and on that basis, denies the same.

29. In response to Paragraph 29, Blockquarry craves reference to the referenced email communication, and denies any allegations inconsistent therewith. Blockquarry further denies the truth of any representations made by Bit5ive concerning the ownership of any bitcoin miners or containers which were located at the Gaffney Site.

30. In response to Paragraph 30, Blockquarry craves reference to the referenced email communication, and denies any allegations inconsistent therewith.

31. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31, and on that basis, denies the same.

32. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32, and on that basis, denies the same.

33. In response to Paragraph 33, Blockquarry craves reference to the referenced joint stipulation of dismissal and denies any allegations inconsistent therewith.

34. In response to Paragraph 34, Blockquarry denies that Plaintiff is a beneficiary of the referenced settlement agreement between Blockquarry and the Gaffney Board of Public Works

(the "Settlement Agreement"). In response to the remaining allegations contained in Paragraph 34, Blockquarry craves reference to the Settlement Agreement, which speaks for itself, and denies any allegations inconsistent therewith.

35. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 35, and on that basis, denies the same.

36. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36, and on that basis, denies the same.

37. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37, and on that basis, denies the same.

38. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38, and on that basis, denies the same.

39. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 39, and on that basis, denies the same.

40. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40, and on that basis, denies the same.

41. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41, and on that basis, denies the same.

42. Blockquarry denies the allegations of Paragraph 42.

43. Blockquarry denies the allegations of Paragraph 43.

44. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44, and on that basis, denies the same.

45. Blockquarry denies the allegations of Paragraph 45.

46. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 46, and on that basis, denies the same.

47. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47, and on that basis, denies the same.

48. In response to Paragraph 48, Blockquarry craves reference to the referenced filing, and denies any allegations inconsistent therewith.

49. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49, and on that basis, denies the same.

50. In response to Paragraph 50, Blockquarry admits only that Plaintiff moved to intervene in the Litchain Litigation and filed documents in the Litchain Litigation. Blockquarry denies the remaining allegations contained in Paragraph 50.

51. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 51, and on that basis, denies the same.

52. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52, and on that basis, denies the same.

53. In response to Paragraph 53, Blockquarry admits that the ownership of the bitcoin miners and mining containers claimed by Plaintiff is disputed.

54. In response to Paragraph 54, Blockquarry denies that Plaintiff does not owe Blockquarry any payment for outstanding debt obligations. Blockquarry is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 54, and on that basis, denies the same.

55. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55, and on that basis, denies the same.

56. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56, and on that basis, denies the same.

57. Blockquarry denies the allegations of Paragraph 57.

58. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 58, and on that basis, denies the same.

59. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59, and on that basis, denies the same.

60. Blockquarry admits the allegations of Paragraph 60.

61. In response to Paragraph 61, Blockquarry craves reference to the referenced Local Civil Rule 26.03 Interrogatories and denies any allegations inconsistent therewith.

62. In response to Paragraph 62, Blockquarry craves reference to the referenced "shipping documents" and denies any allegations inconsistent therewith.

63. In response to Paragraph 63, Blockquarry craves reference to the referenced "shipping document" and denies any allegations inconsistent therewith.

64. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64, and on that basis, denies the same.

65. BlockQuarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65, and on that basis, denies the same.

66. In response to Paragraph 66, Blockquarry craves reference to the referenced Local Civil Rule 26.03 Interrogatories and denies any allegations inconsistent therewith.

67. Upon information and belief, Blockquarry admits the allegations of Paragraph 67.

68. Blockquarry admits the allegations of Paragraph 68.

69.  In response to Paragraph 69, Blockquarry denies that it is in possession of the miners and mining containers which are in dispute in this action. Upon information and belief, Blockquarry admits that Pantheon and/or Hylmen are presently in possession of the miners and mining containers which are in dispute in this action.

70.  Blockquarry denies the allegations of Paragraph 70 that pertain to Blockquarry. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70 concerning Pantheon and Hylmen, and on that basis, denies the same.

71.  Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 71, and on that basis, denies the same.

72.  Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 72, and on that basis, denies the same.

73.  Upon information and belief, Blockquarry admits the allegations of Paragraph 73.

74.  Upon information and belief, Blockquarry admits the allegations of Paragraph 74.

75.  In response to Paragraph 75, Blockquarry craves reference to the referenced Local Civil Rule 26.03 Interrogatories and denies any allegations inconsistent therewith.

76.  Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 76, and on that basis, denies the same.

77.  Blockquarry denies the allegations of Paragraph 77.

### FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION
**(Conversion as to All Defendants)**

78.  In response to Paragraph 78, Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

79.  Blockquarry denies the allegations of Paragraph 79.

80. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 80, and on that basis, denies the same.

81. Blockquarry is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 81, and on that basis, denies the same.

82. Blockquarry denies the allegations of Paragraph 82.

83. Blockquarry denies the allegations of Paragraph 83.

84. Blockquarry denies the allegations of Paragraph 84.

85. Blockquarry denies the allegations of Paragraph 85.

86. Blockquarry denies the allegations of Paragraph 86.

87. Blockquarry denies the allegations of Paragraph 87.

88. Blockquarry denies the allegations of Paragraph 88.

89. Blockquarry denies the allegations of Paragraph 89.

**FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION**
**(Negligence and Gross Negligence of Bailee: as to Defendant Blockquarry)**

90. In response to Paragraph 90, Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

91. Blockquarry denies the allegations of Paragraph 91.

92. Blockquarry denies the allegations of Paragraph 92.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Blockquarry denies the allegations of Paragraph 93.

94. Blockquarry denies the allegations of Paragraph 94.

95. Blockquarry denies the allegations of Paragraph 95.

96. Blockquarry denies the allegations of Paragraph 96.

97. Blockquarry denies the allegations of Paragraph 97.

98.　　Blockquarry denies the allegations of Paragraph 98.

### FOR A FIRST DEFENSE TO THE THIRD CAUSE OF ACTION
**(Breach of Contract Against Blockquarry)**

99.　　In response to Paragraph 99, Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

100.　　Blockquarry admits the allegations of Paragraph 100.

101.　　Blockquarry admits the allegations of Paragraph 101.

102.　　Blockquarry denies the allegations of Paragraph 102.

103.　　Blockquarry denies the allegations of Paragraph 103.

104.　　Blockquarry denies the allegations of Paragraph 104.

### FOR A FIRST DEFENSE TO THE FOURTH CAUSE OF ACTION
**(Unjust Enrichment as to All Defendants)**

105.　　In response to Paragraph 105, Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

106.　　Blockquarry denies the allegations of Paragraph 106.

107.　　In response to Paragraph 107, it denies that it has been using any of the disputed miners or mining containers to mine bitcoin. Blockquarry is without knowledge or information sufficient to admit or deny the allegations of Paragraph 107 pertaining to Hylmen's or Pantheon's actions, and on that basis, denies the same.

108.　　In response to Paragraph 108, Blockquarry denies that it has made representations to BEEQB, LLC concerning the use of bitcoin miners. Blockquarry is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 108, and on that basis, denies the same.

109.　　Blockquarry denies the allegations of Paragraph 109.

110.　　Blockquarry denies the allegations of Paragraph 110.

111. Blockquarry denies the allegations of Paragraph 111.

112. Blockquarry denies the allegations of Paragraph 112.

113. Blockquarry denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE clause following Paragraph 112, including that set forth in subparagraphs (A) through (H).

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Amended Complaint, Blockquarry hereby raises, asserts, and preserves the following affirmative and other defenses. By pleading the following as affirmative defenses, Blockquarry does not concede that it bears the burden to establish the factual bases therefor and does not intend to shift the burden of proof under applicable law or otherwise relieve Plaintiff of any burden to establish the elements of its prima facie case.

## FOR A SECOND DEFENSE
(Failure to State a Claim)

114. Plaintiff's claims fail to state facts sufficient to constitute a cause of action for which relief can be granted and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
(Failure to Mitigate Damages)

115. Without admitting that Plaintiff has suffered any damages whatsoever, Blockquarry would show that Plaintiff has failed to mitigate its alleged damages, and therefore, cannot recover against Blockquarry.

## FOR A FOURTH DEFENSE
(Acts of Others)

116. Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Blockquarry is not liable or responsible. In the event Blockquarry is found

liable to Plaintiff, which liability Blockquarry expressly denies, Blockquarry is entitled to indemnification, contribution, or apportionment of liability or fault pursuant to applicable law.

## FOR A FIFTH DEFENSE
### (Good Faith)

117. Plaintiff's claims are barred, in whole or in part, because Blockquarry acted lawfully and in good faith at all relevant times, and has not violated any statutory or legal right of Plaintiff.

## FOR A SIXTH DEFENSE
### (Set Off)

118. An award, judgment, or decision rendered in favor of Plaintiff must be reduced or set off by the amounts Plaintiff owes Blockquarry.

## FOR A SEVENTH DEFENSE
### (Comparative Negligence)

119. Plaintiff is unable to recover on its negligence claims because its fault exceeds the fault (if any) of Blockquarry.

## FOR AN EIGHTH DEFENSE
### (No Proximate Cause or Causation)

120. Plaintiff's negligence claims fail, in whole or in part, because Plaintiff cannot prove that any damages allegedly suffered by Plaintiff proximately resulted from the breach of a duty Blockquarry allegedly owed to Plaintiff.

## FOR A NINTH DEFENSE
### (Limitation on Punitive Damages)

121. Plaintiff's claims for punitive damages are barred because Plaintiff cannot prove that Blockquarry has acted or failed to act in a willful or reckless manner that entitles Plaintiff to recover punitive damages.

122. Plaintiff's claim for punitive damages is also barred by the due process and equal

protection clauses of the Fourteenth Amendment to the United States Constitution, the South Carolina Constitution, and the excessive fines clause of the Eighth Amendment to the United States Constitution, pursuant to *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

123. Finally, Plaintiff's claims for punitive damages are further limited by applicable statutory and common law regarding limitations of awards and caps on recovery pursuant to S.C. Code Ann. § 15-32-530 and any other applicable statutory caps.

### FOR A TENTH DEFENSE
### (Damages Limitation)

124. Plaintiff's claims are barred, reduced, or limited pursuant to the applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### FOR AN ELEVENTH DEFENSE
### (No Breach)

125. Plaintiff's contract claim is barred because Plaintiff cannot establish that Blockquarry breached any contract with Plaintiff.

### FOR A TWELFTH DEFENSE
### (No Third Party Beneficiary Status)

126. Plaintiff's contract claim is barred because Plaintiff cannot establish that Plaintiff is a third party beneficiary of the Settlement Agreement.

### FOR A THIRTEENTH DEFENSE
### (Equitable Defenses)

127. Blockquarry would show that Plaintiff's claims are barred under principles of waiver, estoppel, accord and satisfaction, and/or laches.

## FOR A FOURTEENTH DEFENSE
### (Unclean Hands)

128.  Blockquarry would show that some or all of Plaintiff's claims are barred by the doctrine of unclean hands, which holds that a party may not recover in equity if it acted unfairly in the matter that is the subject of the litigation to the prejudice of the opposing party.

## FOR A FIFTEENTH DEFENSE
### (Justification)

129.  Even if Blockquarry breached any contract or committed any tort, which it expressly denies, Blockquarry had proper justification for doing so, and therefore, some or all of Plaintiff's claims must fail.

## FOR A SIXTEENTH DEFENSE
### (Lack of Privity)

130.  There is no privity of contract between Plaintiff and Blockquarry because Plaintiff is not a party to the Settlement Agreement.  Therefore, Plaintiff's breach of contract claim fails.

## FOR A SEVENTEENTH DEFENSE
### (No Refusal)

131.  Plaintiff's claim for conversion fails because Plaintiff cannot establish that Blockquarry has refused to return any bitcoin miners that belong to Plaintiff.

## RESERVATION OF RIGHTS

132.  Blockquarry hereby gives notice that it may rely upon other applicable defenses of which it becomes aware during discovery in this case and hereby reserves the right to amend this Answer to assert any such defenses.

## COUNTERCLAIMS

133.  Blockquarry restates and reasserts all preceding paragraphs to the extent not inconsistent herewith.

## PARTIES, JURISDICTION, AND VENUE

134. Defendant/Counterclaim Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") is a corporation organized under the laws of Nevada with a principal place of business in Texas.

135. Upon information and belief, Plaintiff/Counterclaim Defendant Crypto Infiniti, LLC ("Plaintiff") is a limited liability company existing under Nevada law, with two members: (1) Jinwei Zhang, a resident of California; and (2) Dao Block Limited, a company incorporated in the Cayman Islands.

136. Subject matter jurisdiction is proper in this case because the parties are completely diverse, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

137. Venue is proper in this division because a portion of the events upon which these counterclaims are based occurred in Cherokee County, South Carolina. *See* 28 U.S.C. § 1391(b)(2).

138. These matters are compulsory counterclaims, and, therefore, this Court has jurisdiction, and venue is proper. Further, because these are compulsory counterclaims, Plaintiff has already consented to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

139. Blockquarry is a cryptocurrency mining development company that provides its clients with cryptocurrency mining development services in the United States.

140. On or around October 18, 2021, Blockquarry subleased from Litchain Corp. real property located at 154 Hyatt Street, Gaffney, South Carolina 29341 (the "Gaffney Site").

141. Blockquarry and its clients began bitcoin mining at the Gaffney Site in or around March of 2022.

142. Blockquarry engaged a third party management company called Bit5ive, LLC ("Bit5ive") to manage day-to-day operations at the Gaffney Site.

143. Without Blockquarry's knowledge or consent, Bit5ive and its principal, Robert Collazo ("Collazo") allowed Plaintiff to operate bitcoin miners at the Gaffney Site. Blockquarry did not authorize Plaintiff to operate bitcoin miners at the Gaffney Site and did not authorize Plaintiff's personnel or bitcoin miners to enter or access the Gaffney Site.

144. Bit5ive did not have the agency or authority to allow Plaintiff to access the Gaffney Site.

145. Blockquarry unknowingly paid for the electricity consumed by Plaintiff's bitcoin miners that operated on the Gaffney Site.

146. Upon information and belief, Plaintiff may have paid Bit5ive, or its affiliate Uptime Hosting LLC, for some portion of Plaintiff's consumption of electricity at the Gaffney Site. However, upon information and belief, Collazo was providing discounts to Plaintiff on the invoices for electricity.

147. Collazo, Bit5ive, and Uptime Hosting LLC did not reimburse Blockquarry for amounts Blockquarry was paying for electricity at the Gaffney Site, and Plaintiff was not paying for the entire amount of power its bitcoin miners consumed.

148. Plaintiff owes Blockquarry amounts for power consumption at the Gaffney Site in an amount to be determined during the course of discovery in this matter, but which certainly exceeds $75,000.00.

**FOR A FIRST COUNTERCLAIM**
**(Unjust Enrichment)**

149. Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

150. Blockquarry conferred a benefit on Plaintiff by unknowingly providing hosting services to Plaintiff and facilitated electric power to Plaintiff's bitcoin miners at the Gaffney Site.

151. Plaintiff realized this benefit by operating bitcoin miners at the Gaffney Site that consumed the electric power funded by Blockquarry to mine for bitcoins, which yielded an unidentified number of bitcoins[1] for Plaintiff.

152. Blockquarry's conferral of this benefit on Plaintiff was non-gratuitous. It was not a gift to Plaintiff. Instead, Blockquarry relied on any entity operating at the Gaffney Site, even entities such as Plaintiff that operated without Blockquarry's knowledge, to pay for the electric power consumed. Plaintiff ought to understand that Blockquarry expects compensation and looks to Plaintiff for payment.

153. It would be unjust for Plaintiff to retain these benefits without paying Blockquarry for the entire amount of Plaintiff's electric power consumption at the Gaffney Site, including the difference between the amount Plaintiff paid to Collazo, Bit5ive, or Uptime Hosting LLC, and the actual amount of electricity consumed by Plaintiff's bitcoin miners.

154. Plaintiff's conduct has caused damages and/or other losses to Blockquarry in an amount to be determined during the course of discovery in this matter, together with pre- and post-judgment interest, attorneys' fees and costs, and any further relief deemed appropriate by the Court.

**FOR A SECOND COUNTERCLAIM**
**(Conversion)**

155. Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

---

[1] The value of one bitcoin fluctuates. For example, from November 1, 2024 through November 17, 2024, the value of one bitcoin varied from approximately $70,000.00 to $90,000.00. *See* https://ycharts.com/indicators/bitcoin_price (last accessed November 17, 2024).

156. Plaintiff has deprived Blockquarry of its right to use its own property—the money Blockquarry paid for Plaintiff's consumption of electricity.

157. Blockquarry requested that Plaintiff pay Blockquarry for Plaintiff's consumption of electricity, and Plaintiff refused.

158. The amount of money converted by Plaintiff is a determinate sum that is capable of being identified, including the difference between the amount Plaintiff paid to Collazo, Bit5ive, or Uptime Hosting LLC, and the actual amount of electricity consumed by Plaintiff's bitcoin miners

159. Plaintiff's retention of Blockquarry's money and refusal to pay Blockquarry constitute an unauthorized assumption and exercise of the right of ownership over personal property belonging to Blockquarry, to the exclusion of Blockquarry's rights.

160. As a result of Plaintiff's conversion, Blockquarry has suffered damages in an amount to be determined at trial.

**FOR A THIRD COUNTERCLAIM**
**(Trespass)**

161. Blockquarry incorporates all preceding paragraphs as if fully restated herein, except to the extent inconsistent herewith.

162. As sublessee of the Gaffney Site, Blockquarry had peaceable possession of the Gaffney Site.

163. Plaintiff took affirmative acts to physically enter the Gaffney Site without Blockquarry's knowledge or permission, including by placing its miners on the site and sending its personnel to the site.

164. Plaintiff's invasion of the Gaffney Site—by placing its miners on the site and sending its personnel to the site—was intentional.

165. As a direct and proximate result of Plaintiff's trespass, Blockquarry was harmed and suffered damages in an amount to be determined at trial, including but not limited to the amounts Blockquarry paid to unknowingly fund Plaintiff's electrical consumption at the Gaffney Site.

**WHEREFORE**, Blockquarry respectfully requests the following relief:

A. Judgment against Plaintiff on Blockquarry's Counterclaims, judgment in favor of Blockquarry on Plaintiff's claims, and the dismissal with prejudice of Plaintiff's claims;

B. An award of actual, direct, special, incidental, and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs; and

C. Any such other relief that the Court deems just and proper.

Respectfully submitted,

**MAYNARD NEXSEN PC**

s/ *Andrew A. Mathias*

Andrew A. Mathias, Fed. ID No. 10166
Konstantine P. Diamaduros, Fed. ID No. 12368
Elizabeth C. Edmondson, Fed. ID No. 13208
104 S. Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603
Phone:  864.370.2211
Fax:  864.477.2617
AMathias@maynardnexsen.com
KDiamaduros@maynardnexsen.com
EEdmondson@maynardardnexsen.com

November 18, 2024
Greenville, South Carolina

*Attorneys for Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc.*