## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Crypto Infiniti, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., Pantheon Resources, Inc. and Hylmen, LLC, <br><br> Defendants. | C/A No. 7:24-cv-04911-TMC <br><br> **CRYPTO INFINITI, LLC'S ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |

Plaintiff Crypto Infiniti, LLC ("CI"), pursuant to FED R. CIV. P. 26(f) and the order of this Court provides the Court with the following answers to the Local Civil Rule 26.03 interrogatories:

1. **A short statement of the facts of the case.**

   The case arises out of the taking of Plaintiff's bitcoin mining equipment by Defendants from a bitcoin mining operation in Gaffney, South Carolina. The Plaintiff alleges that Defendants are wrongfully in possession of Plaintiff's bitcoin mining equipment. The Plaintiff further alleges the actions of Defendants prevented the operation of Plaintiff's bitcoin mining equipment, resulting in lost profits by Plaintiff. Plaintiff further alleges that Defendants unlawfully operated Plaintiff's bitcoin mining equipment for Defendants' own benefit, thereby both costing Plaintiff money and wrongfully enriching Defendants.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

   a. <u>Jinwei Zhang</u>: Ms. Zhang is one of the owners of Plaintiff and worked to identify the hosting company (Bit5ive, LLC) with whom CI contracted to place its bitcoin mining equipment in Gaffney, South Carolina. Ms. Zhang interacted with representatives for Defendant Blockquarry in and around the time that Plaintiff's bitcoin mining was being operated in Gaffney. She has personal knowledge of Plaintiff's bitcoin mining equipment and what equipment was wrongfully taken by Defendants.

   b. <u>Keze Li</u>: Ms. Li worked for Plaintiff to help oversee its bitcoin mining operations in Gaffney, South Carolina. Ms. Li interacted with representatives of Bit5ive, LLC during this work. Ms. Li has personal knowledge of Plaintiff's bitcoin mining equipment and what equipment was wrongfully taken by Defendants. Ms. Li also has personal knowledge of the damage suffered by Plaintiff.

  c. <u>Alonzo Pierce</u>: Mr. Pierce is an officer of Defendant Blockquarry and should have personal knowledge of the bitcoin mining equipment taken from Gaffney.

  d. <u>Robert Collazo</u>: Mr. Collazo is/was an officer of third-party Bit5ive, LLC, and will have personal knowledge regarding Plaintiff's placement of its bitcoin mining equipment at Gaffney, and the operation of the same.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

CI has not yet identified an expert witness to testify at the trial of this case. However, CI expects its expert witness to testify as to either or both: (1) the damages suffered by Plaintiff from the loss of its ability to mine for bitcoins, the amount of bitcoins that Defendants would have been able to mine for with Plaintiff's bitcoin mining equipment, and Plaintiff's general economic damages; and/or (2) the technical aspects of bitcoin mining operations.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

  a. <u>Conversion</u>

The Plaintiff alleges that Defendants wrongfully took its bitcoin mining equipment and, in so doing, committed a conversion. "'Conversion'" is defined as the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner." *Mullis v. Trident Emergency Physicians*, 351 S.C. 503, 506–07, 570 S.E.2d 549, 550 (Ct. App. 2002).

  b. <u>Negligence and Gross Negligence of Bailee</u>

The Plaintiff alleges that Blockquarry was the bailee of its bitcoin mining equipment and breached its duty of due care owed to CI as the owner of the same. "The degree of care required of a bailee for mutual benefit is defined as ordinary care, or due care, or the degree of care which would be exercised by a person of ordinary care in the protection of his own property." *Hadfield v. Gilchrist*, 343 S.C. 88, 98, 538 S.E.2d 268, 273-74 (Ct. App. 2000).

  c. <u>Breach of Contract</u>

The Plaintiff alleges that Blockquarry entered into a contractual agreement to which Plaintiff was a third-party beneficiary in which Blockquarry promised to return the bitcoin mining equipment to Plaintiff but failed to do so. "[I]f a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person."

*Beverly v. Grand Strand Reg'l Med. Ctr., LLC*, 435 S.C. 594, 599, 869 S.E.2d 812, 815 (2022).

    d.  <u>Unjust Enrichment</u>

The Plaintiff alleges that Defendants were unjustly enriched by using Plaintiff's bitcoin mining equipment to mine bitcoin for themselves after they took the same from Gaffney. "To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003).

5. **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of FED R. CIV. P. 26(a)(2) expert disclosures, and (b) completion of discovery.**

The parties have conferred and agreed to an Amended Scheduling Order which will be submitted to the Court with the Joint Rule 26(f) Report and emailed to the Court for its consideration.

6. **Any special circumstances which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

None.

7. **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

The undersigned certifies that they (1) discussed the availability of mediation with their client, (2) discussed the advisability and timing of mediation with opposing counsel, and (3) have agreed to mediation.

*[Signature Page Follows]*

        Respectfully submitted,

        **WILLIAMS BURKE LLP**

        <u>/s/Burl F. Williams</u>
        Burl F. Williams, (FED BAR NO. 10556)
        201 Riverplace, Suite 501
        Greenville, South Carolina 29601
        (864) 546-5035
        burl@williamsburke.com

        Russell T. Burke (FED BAR NO. 1604)
        1320 Main Street, Suite 300
        Meridian Building
        Columbia, South Carolina 29201
        (803) 724-1200
        russell@williamsburke.com

January 2, 2025        ***Counsel for Crypto Infiniti, LLC***