IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Crypto Infiniti, LLC, | ) | Civil Action No. 7:24-cv-04911-TMC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **BLOCKQUARRY CORP. f/k/a ISW** |
| | ) | **HOLDINGS, INC.'S RESPONSES TO** |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | ) | **LOCAL CIVIL RULE 26.03** |
| Pantheon Resources, Inc. and Hylmen, LLC, | ) | **INTERROGATORIES** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Civil Rule 26.03, D.S.C., Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") hereby provides the following information to the Court:

1.  A short statement of the facts of the case.

**RESPONSE: This case arises from a dispute over the operation and possession certain bitcoin mining machines originally located at 154 Hyatt Street, Gaffney, South Carolina 29341 (the "Gaffney Site"). Plaintiff Crypto Infiniti, LLC ("Plaintiff") alleges it is the owner of certain bitcoin mining machines and storage containers. Defendant Blockquarry Corp. is a cryptocurrency mining development company that subleased the Gaffney Site. Defendants Pantheon Resources, Inc. ("Pantheon") and Hylmen, LLC ("Hylmen") are companies that assisted in moving the bitcoin mining machines to a secure site in Missouri and possessed many of the bitcoin mining machines at times related to the Amended Complaint.**

Plaintiff alleges that the defendants unlawfully seized and retained possession of Plaintiff's bitcoin mining machines, which prevented the operation of the bitcoin mining machines and cost Plaintiff money. The defendants dispute these allegations. Further, Blockquarry has raised counterclaims against Plaintiff for unjust enrichment, conversion, and trespass. Blockquarry alleges that Plaintiff was not authorized to access the Gaffney

**Site, and that Blockquarry paid for (at least) a portion of the electricity consumed by Plaintiff's bitcoin miners at the Gaffney Site.**

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE: Blockquarry has not yet identified all of the witnesses it may call at trial. Blockquarry expressly reserves the right to supplement this response to add other witnesses as discovery progresses and further reserves the right to call any witnesses identified by any other party. Blockquarry believes witnesses may include, without limitation:**

   a. <u>Alonzo Pierce</u>: Mr. Pierce is the President and Chairman of the Board of Blockquarry and has knowledge concerning Blockquarry's management of the Gaffney Site and events leading up to the relocation of the bitcoin miners to Missouri.

   b. <u>Stephen Stenberg</u>: Mr. Stenberg is the Chief Executive Officer of Pantheon Resources, Inc., and upon information and belief, may offer testimony concerning the agreements relating to the Gaffney Site, as well as the transportation and storage of the subject miners.

   c. <u>Shawn Vaught</u>: Mr. Vaught is the Chief Operating Officer of Pantheon Resources, Inc. Mr. Vaught is also the sole member of Hylmen, LLC. Upon information and belief, Mr. Vaught may offer testimony as to the packing, shipping, and storing of the subject miners.

   d. <u>Robert Collazo</u>: Mr. Collazo is a principal of Uptime Hosting, LLC, Bit5ive, LLC, and other affiliated companies and/or entities. Upon information and belief, Mr. Collazo has knowledge concerning Plaintiff's operation at the Gaffney Site and Bit5ive, LLC's and/or Uptime Hosting, LLC's agreements with Blockquarry concerning the operation of the Gaffney Site.

**Blockquarry reserves the right to call any witness named by Plaintiff or any other party, as well as any other witness identified during discovery in this case. Blockquarry reserves the right to supplement this response as necessary.**

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE**:  Blockquarry has not yet identified any expert witness(es) to testify in this case. Blockquarry anticipates the use of expert testimony to rebut any expert testimony from Plaintiff, and will disclose any experts and expert opinions in accordance with the Court's Conference and Scheduling Order or any amended Conference and Scheduling Order subsequently entered by the Court.

4.     A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE**:  Blockquarry has raised the following counterclaims against Plaintiff:

   a. Unjust enrichment: Blockquarry alleges that Plaintiff was unjustly enriched when Blockquarry paid for a portion of Plaintiff's electricity consumption at the Gaffney Site.  *See Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 678 S.E.2d 430 (S.C. 2009).

   b. Conversion: Blockquarry alleges that Plaintiff converted sums of money from Blockquarry for Plaintiff's own use when Blockquarry paid for a portion of Plaintiff's consumption of electricity.  *See Mullis v. Trident Emergency Physicians*, 351 S.C. 503, 570 S.E.2d 549 (S.C. Ct. App. 2002).

   c. Trespass: Blockquarry alleges that Plaintiff accessed the Gaffney Site without permission, and therefore, has committed civil trespass.  *See Hawkins v. City of Greenville*, 358 S.C. 280, 594 S.E.2d 557 (S.C. Ct. App. 2004)

**Blockquarry has raised the following affirmative defenses:**

   a. Plaintiff's Complaint fails to state a claim up which relief may be granted.  Rule 12(b)(6), Fed. R. Civ. Pr.

   b. Plaintiff failed to mitigate its damages, if any.  *See Genovese v. Bergeron*, 327 S.C. 567, 490 S.E.2d 608 (S.C. Ct. App. 1997).

   c. Plaintiff cannot establish causation in connection with its negligence claim based on acts of others, comparative negligence, and lack of proximate cause or causation.  *See Berberich v. Jack*, 392 S.C. 278, 709 S.E.2d 607 (S.C. 2011); *Jenkins v. CEC Entm't Inc.*, 421 F. Supp. 3d 257 (D.S.C. 2019).

   d. Plaintiff's claims are barred, in whole or in part, because Blockquarry acted lawfully and in good faith at all relevant times, and has not violated any statutory or legal right of Plaintiff.

e. An award, judgment, or decision rendered in favor of Plaintiff must be reduced or set off by the amounts Plaintiff owes Blockquarry. *See Broome v. Watts*, 319 S.C. 337, 461 S.E.2d 46 (S.C. 1995).

f. Plaintiff's claims are barred, reduced, or limited pursuant to the applicable statutory and common law regarding limitations of awards, punitive damages, caps on recovery, and setoffs. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); S.C. Code Ann. § 15-32-530.

g. Blockquarry has breached no contract with Plaintiff because there is no privity of contract with Plaintiff. Further, Plaintiff is not a third party beneficiary to the Settlement Agreement, and therefore, cannot enforce its terms. *See Fabian v. Lindsay*, 410 S.C. 475, 765 S.E.2d 132 (S.C. 2014).

h. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, laches, and/or unclean hands. *See So. Dev. Land & Golf Co., Ltd. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 426 S.E.2d 748 (S.C. 1993) (estoppel); *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C. 339, 415 S.E.2d 384 (S.C. 1992) (waiver and estoppel); *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 521 S.E.2d 749 (S.C. Ct. App. 1999) (waiver); *Arceneaux v. Arrington*, 284 S.C. 500, 327 S.E.2d 357 (S.C. Ct. App. 1985) (laches); *Ingram v. Kasey's Assoc.*, 340 S.C. 98, 531 S.E.2d 287 (S.C. 2000) (unclean hands); *S.C. Farm Bureau Mut. Ins. Co. v. Kelly*, 345 S.C. 232, 547 S.E.2d 871 (S.C. Ct. App. 2001) (accord and satisfaction).

i. Even if Blockquarry breached any contract or committed any tort, which it expressly denies, Blockquarry had proper justification for doing so.

j. Blockquarry has not outright refused to return the bitcoin miners to Plaintiff, and therefore, Plaintiff's claim for conversion fails. *T&S Brass & Bronze Works, Inc. v. Pic-Air, Inc.*, 790 F.2d 1098 (4th Cir. 1986).

**The citations provided by Blockquarry are meant to be exemplary only, and Blockquarry reserves the right to rely on additional and/or different citations. Blockquarry further reserves the right to add defenses as the factual record is developed in the course of discovery and as additional defenses become apparent. These exemplary citations are not intended to limit the available defenses in this case.**

5. Absent special instruction from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

    a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    b. Completion of discovery.

**RESPONSE: The parties have agreed to modify the deadlines included in the scheduling order entered by the Court, and are jointly submitting a proposed Amended Conference and Scheduling Order.**

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**RESPONSE: Blockquarry is unaware of any special circumstances which should be considered at this time.**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge:

**RESPONSE: Blockquarry is unaware of any additional information requested by the Court.**

    Respectfully submitted,

    **MAYNARD NEXSEN PC**

    s/ *Andrew A. Mathias*
    Andrew A. Mathias, Fed. ID No. 10166
    Konstantine P. Diamaduros, Fed. ID No. 12368
    Elizabeth C. Edmondson, Fed. ID No. 13208
    104 S. Main Street, Suite 900 (29601)
    Post Office Drawer 10648
    Greenville, South Carolina 29603
    Phone: 864.370.2211
    Fax: 864.477.2617
    AMathias@maynardnexsen.com
    KDiamaduros@maynardnexsen.com
    EEdmondson@maynardnexsen.com

January 2, 2025
Greenville, South Carolina

*Attorneys for Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc.*