UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Crypto Infiniti, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:24-cv-04911-TMC |
| vs. | ) | |
| | ) | Defendant Pantheon Resources, Inc.'s Answers to Local Civil Rule 26.03 Interrogatories |
| BLOCKQUARRY CORP., f/k/a ISW HOLDINGS, INC., a Nevada Corporation, PANTHEON RESOURCES, INC., and HYLMEN, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to Local Civil Rule 26.03, D.S.C., Defendant Pantheon Resources, Inc. ("Pantheon") hereby provides the following information to the Court:

1. A short statement of the facts of the case.

    **RESPONSE: Plaintiff in this matter alleges that cryptocurrency mining machines ("miners") it owned and operated at a facility in Gaffney, South Carolina have been wrongfully retained/possessed by Defendants and seeks damages for the value of the miners and lost revenues from its inability to mine for cryptocurrency. Defendant Pantheon acknowledges it transported miners and related equipment from the Gaffney, South Carolina site to a secure site in Missouri at the behest of Defendant Blockquarry Corp. and that it does not claim ownership of any of Plaintiff's miners. Defendant Pantheon further asserts that it has not engaged in any unauthorized use of Plaintiff's miners**.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE**: Defendant Pantheon has not yet identified all potential fact witnesses that it may call at trial and expressly reserves the right to supplement this response at a later date. At this time, Defendant Pantheon anticipates the following fact witnesses:

a. **Stephen Stenberg**: Mr. Stenberg is the Chief Executive Officer of Defendant Pantheon and has personal knowledge of Defendant's agreements with Defendant Blockquarry to pack and move Plaintiff's alleged miners to Missouri.

b. **Shawn Vaught**: Mr. Vaught is the Chief Operating Officer of Defendant Pantheon and the sole member of Defendant Hylmen, LLC ("Hylmen"). Mr. Vaught has personal knowledge of the packing and shipping of Plaintiff's alleged miners from South Carolina to Missouri and agreements between Defendant Pantheon and Defendant Blockquarry.

c. **Alonzo Pierce**: Mr. Pierce is the President and Chairman of Defendant Blockquarry and has personal knowledge of agreements between Blockquarry and Defendant Pantheon for the transport of Plaintiff's alleged miners from South Carolina to Missouri.

Defendant Pantheon further reserves the right to call or re-call any witness that is called by any party to this action as well any witness later identified by any party in discovery.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE**: Defendant Pantheon has not yet identified any expert witness(es) to offer on its behalf at this time. Pantheon anticipates it may need to use expert testimony to rebut any expert testimony from Plaintiff or other Defendants and will timely disclose such experts at the appropriate time.

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE**: Defenses – **Accord and Satisfaction** – Pantheon Resources has disclaimed ownership of any miners that could belong to Plaintiff in this matter.

**No Damages from this Defendant** – Pantheon Resources did not use the machines in question to its own benefit. In fact, Pantheon has not been paid for the packing, shipping and storage of the miners regardless of their ownership.

**Possible Cross Claim/Derivative Claim against Blockquarry** – Third Party liability as Pantheon is not a contractual party with Plaintiff and any liability that Plaintiff can claim from Pantheon is a direct result of the acts or omissions of Defendant Blockquarry.

5. Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

(b) Completion of discovery.

**RESPONSE**: The parties have consulted and agreed on modifications to the court issued Scheduling Order and will submit a Joint Amended Conference and Scheduling Order.

6.      Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**RESPONSE**:  **Defendant Pantheon is unaware of any such circumstances at this time.**

7.      Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge**.**

**RESPONSE**:  **Defendant Pantheon is unaware of any such information at this time.**

This the 3rd day of January, 2025.

**MCGRATH & SPIELBERGER, PLLC**

s/ *Trent M. Grissom*
Trent M. Grissom
Fed. Bar No. 10671
7300 Carmel Executive Park Dr., Suite 300
Charlotte, NC 28226
trent@mcgrathspielberger.com
*Attorney for Defendant Pantheon Resources*